UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/2022
```

-----------------------------------------------------------------X

MARK PELLEGRINO,

                                  Plaintiff,

               -v -

BUFFALO POLICE DEPARTMENT, et al.,

                                Defendants.

-----------------------------------------------------------------X

1:22-mc-267-GHW

<u>TRANSFER ORDER</u>

GREGORY H. WOODS, United States District Judge:

      Plaintiff Mark Pellegrino, who is appearing *pro se*, initiated this matter as a miscellaneous case, alleging a claim for trespass against the Buffalo Police Department and the County of Erie. For the reasons stated below, the Court: (1) construes this miscellaneous matter as a civil rights action; (2) directs the Clerk of Court to open it as a new civil case and assign the new matter to my docket; and (3) directs that the new civil action be transferred to the United States District Court for the Western District of New York.

<b>DISCUSSION</b>

**A.    Plaintiff's filing is not a miscellaneous matter**

      Rule 2 of the Federal Rules of Civil Procedure states that, "[t]here is one form of action— the civil action." *See also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Nothing in Plaintiff's submission suggests any reason to depart from this clear Rule. The miscellaneous action docket is restricted for specified matters that are not civil actions. Instructions on use of the miscellaneous docket are found in the District Court Clerks' Manual, published by the Administrative Office of the United States Courts; the Manual provides instructions to United States District Court Clerks nationwide. The Manual states that the Clerk of

Court classifies civil matters as either civil or miscellaneous cases depending on the nature of the relief sought in the initiating document. *Id.* § 3.02. As for when a miscellaneous number should be assigned, the Manual provides, in relevant part:

> Miscellaneous numbers are assigned to a variety of matters filed with the court which are not properly considered civil or criminal cases. These matters, however, may be directly or indirectly related to civil or criminal cases pending within the district or another district. In general, miscellaneous actions are used for administrative matters that require resolution through the judicial system.

*Id.* § 4.03(a)(1).[1]

Plaintiff filed the complaint seeking redress from the Buffalo Police Department and County of Erie for allegedly depriving him of his rights by unlawfully seizing his property in Buffalo, New York. Dkt. Nos. 2–3. Plaintiff's submission is not related to any pending case or proceeding, nor does it fall within the list of ancillary administrative matters that qualify under the District Clerks' Manual as miscellaneous cases. *See Rodrick v. Kauffman*, 455 F. Supp. 3d 546, 547 (M.D. Tenn. 2020) (holding that, as defined by the District Clerks' Manual, a miscellaneous case is an ancillary proceeding that is directly or indirectly related to a civil or criminal case); *In re Bahadur*, 441 F. Supp. 3d 467, 471-72 (W.D. Tex. 2020) (same); *Robinson v. Ct. Clerks, E. Dist. of California, Sacramento*, No. 11-CV-2679, 2012 WL 219147, at *2 (E.D. Cal. Jan. 24, 2012) (defining "miscellaneous case" as "a number assigned to an ancillary or supplementary proceeding not defined as a civil or criminal action"). The Court therefore construes Plaintiff's submission as a civil rights action and directs the Clerk of Court to open this case as a new civil action.

**B.     Transfer of the action**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

---

[1] The Manual further lists the following matters for assignment of miscellaneous case numbers: foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties. *Id.* § 4.03(a).

2

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Here, Plaintiff asserts that the alleged events giving rise to his claims occurred in Erie County, New York, where all the defendants are located. Because the defendants appear to reside in Erie County, New York, where the alleged events occurred, from the face of Plaintiff's submission, it is clear that venue for this action is not proper in this court under Section 1391(b)(1)–(2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Erie County, New York, which is in the Western District of New York. *See* 28 U.S.C. § 112(d). Accordingly, venue lies in the Western District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers the new civil action to the United States District Court for the Western District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Court construes this miscellaneous matter as a civil rights action and directs the Clerk of Court to open a new civil case and file copies of Plaintiff's submissions (Dkt. Nos. 1–3) and this order in that action. The Clerk of Court is further directed to assign the new matter to my docket and transfer it to the United States District Court for the Western District of New York. Finally, the

Clerk of Court is directed not to accept further filings in this matter. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case and the new civil action.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 23, 2022
      New York, New York

                                 GREGORY H. WOODS
                                United States District Judge